IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BANG-ER SHIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1255 |
| | § | |
| DANA JAMES BOENTE, individually | § | |
| and in his official capacity as | § | |
| United States Attorney for the | § | |
| Eastern District of Virginia, | § | |
| AYANA NIAMBI FREE, individually | § | |
| and in her official capacity as | § | |
| Assistant United States | § | |
| Attorney for the Eastern | § | |
| District of Virginia, the | § | |
| UNITED STATES DISTRICT COURT | § | |
| FOR THE EASTERN DISTRICT OF | § | |
| VIRGINIA, ANTHONY JOHN TRENGA, | § | |
| individually and in his | § | |
| official capacity as United | § | |
| States District Judge for the | § | |
| Eastern District of Virginia, | § | |
| MICHAEL S. NACHMANOFF, | § | |
| individually as in his official | § | |
| capacity as United States | § | |
| Magistrate Judge for the | § | |
| Eastern District of Virginia, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendants United States Attorney Dana James Boente ("Boente"), Assistant United States Attorney Ayana Niambi Free ("Free"), United States District Judge Anthony John Trenga ("Judge Trenga"), United States Magistrate Judge

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 12, Ord. Dated May 17, 2017.

Michael S. Nachmanoff ("Judge Nachmanoff"), and the United States District Court for the Eastern District of Virginia's ("EDVA") (collectively, "Defendants") Motion to Dismiss (Doc. 16). The court has considered the motion, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

## I. Case Background

Plaintiff Dr. Bang-er Shia ("Shia" or "Plaintiff"), proceeding pro se, filed a complaint on April 24, 2017, alleging violations of the Fifth Amendment of the United States Constitution.

### A. Factual Background

The following factual account is derived from Plaintiff's live complaint.

#### 1. United States Patent and Trademark Office Disciplinary Proceedings

On February 21, 2013, Plaintiff received an exclusion order stating that she would no longer be allowed to act as a domestic representative before the United States Patent and Trademark Office ("USPTO").[2] Plaintiff then proceeded to file three congressional inquiries to the Department of Commerce-USPTO, an administrative complaint that was later dismissed by an administrative law judge ("ALJ"), multiple amended administrative complaints, and an appeal

---

[2] See Doc. 1, Pl.'s Compl. p. 14.

of the initial ALJ decision.[3] Plaintiff claims that various documents throughout the course of her hearing before the USPTO were "tampered and nullified."[4]

The USPTO's final order was issued on March 4, 2016, finding that Plaintiff had engaged in, or had aided, the unauthorized practice of law before the USPTO.[5] Plaintiff submitted a request for reconsideration which was subsequently denied.[6] Plaintiff's patent agent license was revoked by the USPTO and Plaintiff was listed as "not active" on each patent application she had pursued before the USPTO.[7] As a result, Plaintiff's clients revoked their powers of attorney and terminated Plaintiff's representation of their trademark applications.[8]

**2. Lawsuit in the Eastern District of Virginia**

On August 17, 2016, Plaintiff sued the USPTO and six individual officials and officers (the "USPTO defendants") in the EDVA, alleging that they had wrongfully accused Plaintiff of the state crime of engaging in the unauthorized practice of law.[9] In

---

[3]  See id. pp. 15-16.

[4]  See id. p. 17.

[5]  See id. p. 17.

[6]  See id.

[7]  See id.

[8]  See id.

[9]  See id. p. 2. The case was denominated Bang-er Shia v. United States Patent and Trademark Office, et al., 1:16-CV-1051 (E.D. Va.).

3

that lawsuit, Plaintiff claimed that the USPTO defendants' actions violated her Fourth Amendment right against unreasonable search and seizure and her Fifth Amendment rights to due process and against self-incrimination.[10] Plaintiff's complaint was dismissed by Judge Trenga on February 28, 2017.[11] On March 23, 2017, Plaintiff appealed the dismissal to the Fourth Circuit Court of Appeals.[12]

### 3. Current Lawsuit in the Southern District of Texas

Plaintiff's current complaint was filed on April 24, 2017, against the EDVA, Judge Trenga, Judge Nachmanoff, U.S. Attorney Boente, and Assistant U.S. Attorney Free for <u>Bivens</u> damages arising from their actions during the litigation of <u>Bang-er Shia v. United States Patent and Trademark Office, et al.</u>, 1:16-CV-1051 (E.D. Va.).

Plaintiff alleges that the EDVA, Judge Trenga, and Judge Nachmanoff failed to manage the case independently of improper influence from the USPTO defendants' trial attorneys, Boente and Free.[13] More specifically, Plaintiff contends that Judges Trenga and Nachmanoff "concealed from the district court record Dr. Shia's timely submitted opposition" in October 2016, and that the two judges "tampered with the otherwise timely filing" of Plaintiff's

---

[10] See id. pp. 19, 23.

[11] See id. p. 28.

[12] See Doc. 1-1, Pl.'s Exhibits, p. 16.

[13] See Doc. 1, Pl.'s Compl. p. 2.

filed oppositions in December of 2016.[14]  On December 2, 2016, Plaintiff mailed the two oppositions in response to the USPTO defendants' motion to dismiss, and the documents were accepted by the United States Postal Service ("USPS") in Sugar Land, Texas, on that date.[15]  The same USPS tracking information indicates that the documents were delivered to the Clerk of the EDVA on December 6, 2016.[16]  Plaintiff contends that, because the oppositions were received on December 6th but not filed by the Clerk until December 9th, Judges Trenga and Nachmanoff "tampered" with the otherwise timely filed documents and failed to consider them when ruling on the USPTO defendants' motion to dismiss.[17]

Plaintiff also complains that, as a result of the late docketing of her responses in opposition to the motion to dismiss, Plaintiff was impelled to fly from Texas to the EDVA to personally file all future pleadings, causing her expense and "great frustration."[18]  Plaintiff asserts that Free filed "misrepresented" and untimely motions and "falsely entered the otherwise unlawful entry of opposition."[19]  At the outset of Plaintiff's appeal to the

---

[14]     See id. p. 3.

[15]     See id. p. 3.

[16]     See id.

[17]     See id.

[18]     See id. p. 4.

[19]     See id. p. 25.

5

Fourth Circuit, Plaintiff alleges that Free "falsified Appearance of Counsel Form, making a false representation of the case" and sent an email to Plaintiff with incorrect information.[20] Plaintiff claims that she was forced to hand-deliver her informal appeal brief to all defendants and the Fourth Circuit, which caused her additional undue stress and financial burden.[21]

Further, Plaintiff asserts in her complaint that Defendants collaborated, in whole or in part, to conceal the damage done to Plaintiff during, and as a result of, the USPTO disciplinary hearings.[22] Plaintiff asserts that Defendants falsified court records in violation of federal law and Plaintiff's Fifth Amendment due process right to a fair and just judicial proceeding.[23] Plaintiff also contends that she was unable to receive a fair judicial review because the USPTO's administrative record was tampered to remove all evidence in her favor.[24]

Plaintiff presently seeks declaratory relief to nullify six USPTO orders and monetary damages for injury to her reputation, loss of income, and pain and suffering caused by Defendants'

---

[20] See Doc. 1, Pl.'s Compl. p. 8.

[21] See id.

[22] See id.

[23] See id.

[24] See Doc. 17, Pl.'s Resp. to Defs.' Mot. to Dismiss p. 53.

actions taken during the pendency of her first lawsuit.[25]

B. **Procedural Background**

Plaintiff filed her complaint against Defendants on April 24, 2017, alleging that they violated her Fifth Amendment right to a fair and impartial judicial proceeding.[26] Plaintiff claims violations of 18 U.S.C. §§ 1512(b)(2)(B) and 1519 against all Defendants.[27] Her second, third, and fourth claims allege that Judges Trenga and Nachmanoff violated the Administrative Procedure Act, 5 U.S.C. §§ 556(d), 556(e), 702, and 706 by falsely entering an order of dismissal and by failing to decide all relevant legal issues.[28] Her fifth claim asserts that Judge Trenga violated Federal Rule of Appellate Procedure 4(a)(1)(B) when he informed Plaintiff that she had thirty, rather than sixty, days to file a notice of appeal.[29]

Defendants filed the pending motion to dismiss on June 26, 2017, on the bases that: (1) the court lacked subject matter jurisdiction; (2) the court lacked personal jurisdiction over Defendants; and (3) Defendants' actions were protected by sovereign

---

[25] See Doc. 1, Pl.'s Compl. pp. 30-31.

[26] See Doc. 1, Pl.'s Compl. p. 30.

[27] See id. pp. 27-28.

[28] See id. p. 29.

[29] See id.

7

immunity, judicial immunity, prosecutorial immunity, and qualified immunity.[30] On July 13, 2017, Plaintiff responded contending that because the Fifth Amendment and relevant federal laws were clearly established when the alleged violations occurred, Defendants were not qualified for sovereign immunity, or immunity of any kind.[31]

## II. Legal Standards

### A. Rule 12(b)(1)

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F3d 912, 916 (5th Cir. 2001). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

A federal court lacks jurisdiction over a claim involving federal law "when the claim is so insubstantial, implausible,

---

[30] See Doc. 16, Defs.' Mot. to Dismiss.

[31] See Doc. 17, Pl.'s Resp. to Defs.' Mot. to Dismiss.

8

foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). Further, a federal court lacks subject matter jurisdiction over claims against the United States unless the government waives its sovereign immunity and consents to suit. See Danos v. Jones, 652 F.3d 577, 581 (5th Cir. 2011).

"A court must find jurisdiction, both subject matter and personal, before determining the validity of a claim." Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 623 n.2 (5th Cir. 1999). Jurisdiction challenges should be considered before addressing a challenge on the merits. Id.

**B.   Rule 12(b)(2)**

Additionally, a district court may dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant. See Fed. R. Civ. P. 12(b)(2). On a motion to dismiss decided without benefit of an evidentiary hearing, the burden is on the plaintiff to establish a prima facie case in support of jurisdiction. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis. Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008)(quoting Thompson

9

v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)). The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations. Johnston, 523 F.3d at 609.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if jurisdiction is consistent with due process under the United States Constitution. Johnston, 523 F.3d at 609. General jurisdiction exists for any and all claims when the contacts are "so continuous and systematic as to render" the defendant "essentially at home in the forum State." Daimler AG v. Bauman, ___ U.S. ___, 134 S. Ct. 746, 754 (2014)(internal quotation marks omitted)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Specific jurisdiction exists if the asserted cause of action "arises out of or relates to the defendant's contacts with the forum." Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).

C. **Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-

pleaded facts. <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 546 (5th Cir. 2010).

When reviewing a Rule 12(b)(6) motion, the court must be mindful that a complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555.

### III. Analysis

Defendants' motion raises multiple bases for dismissal of Plaintiff's claims and the court is obligated to address the challenge of subject matter jurisdiction before addressing

11

challenges to personal jurisdiction or the merits. See Ramming v. US, 281 F3d 158, 161 (5th Cir. 2001).

A.  **Sovereign Immunity**

Defendants argue that this action should be dismissed for lack of subject matter jurisdiction because there has been no waiver of sovereign immunity.[32] "The United States, as sovereign, is immune from suit save it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Danos v. Jones, 652 F.3d 577, 581 (5th Cir. 2011). It is a bedrock principle of the United States judicial system that the United States is immune from suit absent consent. See United States v. Thompson, 98 U.S. 486 (1878); United States v. Lee, 106 U.S. 196 (1882); Kansas v. United States, 204 U.S. 331 (1907); Minnesota v. United States, 305 U.S. 382 (1939); Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381 (1939); United States v. Shaw, 309 U.S. 495 (1940).

The EDVA is a subdivision of the United States courts and is considered in that sense to be the United States for purposes of litigation. The EDVA, as an arm of the United States, is protected from lawsuits under the doctrine of sovereign immunity. Rutherford v. U.S. Dist. Ct., 425 F. App'x 400 (5th Cir. May 17, 2011)(unpublished)("As a unit of the judicial branch of the federal government, the United States District Court is entitled to

---

[32] See Doc. 16, Defs.' Mot. to Dismiss p. 23.

sovereign immunity"). This court has no subject matter jurisdiction over claims against the United States unless the government waives its sovereign immunity and consents to suit. Plaintiff cites to no statutory waiver of sovereign immunity for claims arising under the United States Constitution or other federal statutes, and the court is aware of none. Plaintiff's claims against the EDVA must be dismissed.

Plaintiff raises claims against Judge Trenga, Judge Nachmanoff, Boente, and Free in their individual as well as their official capacities. Plaintiff's claims against these Defendants in their official capacities are claims against the federal government. Todd v. Hawk, 263 F.3d 162, 2001 WL 803568, at *2 (5th Cir. June 12, 2001)(unpublished)("Official capacity suits against federal employees are generally treated as suits against the United States"); Smart v. Holder, 368 F. App'x 591, 593 (5th Cir. Mar. 5, 2010)(unpublished)(holding that the district court properly dismissed plaintiff's due process claim against the Attorney General and the Department of Justice because sovereign immunity deprived the court of jurisdiction).

Defendants Judge Trenga, Judge Nachmanoff, Boente, and Free have sovereign immunity in their official capacities as government employees because claims against officers of the United States are actually claims against the sovereign. See Danos, 652 F.3d at 581. As stated above, the United States is immune from suit absent a

13

clear and unequivocal waiver of said immunity. United States v. Bormes, 568 U.S. 6, 9-10 (2012); Ruckelshaus v. Sierra Club, 463 U.S. 680, 685-86 (1983)(holding that waivers of sovereign immunity must be strictly construed in favor of the sovereign). Plaintiff did not identify a clear and applicable waiver in her complaint. Plaintiff's claims brought pursuant to the Constitution do not provide a waiver of sovereign immunity. Sovereign immunity bars constitutional torts in general and claims of due process violations in particular. FDIC v. Meyer, 510 U.S. 471, 486 (1996).

Therefore, Plaintiff's official capacity claims against Judge Trenga, Judge Nachmanoff, Boente, and Free should be dismissed on the grounds of sovereign immunity.

**B.  Personal Jurisdiction**

For this court to have personal jurisdiction over non-resident defendants, there must be minimum contacts between the defendant and the forum state. Burger King Corp., 471 U.S. at 471-72. In the context of lawsuits against government officials sued in their individual capacities, contacts that satisfy the due process element required for the exercise of personal jurisdiction cannot be based on contacts made in the defendant's official capacity as a government employee. Lopez v. Mineta, 87 F. App'x 998 (5th Cir. Feb. 20, 2004)(unpublished). The effects of an out-of-state judicial ruling felt by a party in Texas is insufficient to establish contacts with the forum for the purposes of personal

14

jurisdiction. Saxton v. Faust, No. 3:09-CV-2458-K, 2010 WL 3446921, at *3 (N.D. Tex. Aug. 31, 2010)(unpublished). The Fifth Circuit has rejected the idea that a nonresident government official may be haled into a Texas court simply because the effects of a ruling were felt in Texas. Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, 485 (5th Cir. 2008).

Plaintiff's complaint centers on actions that occurred during the litigation of an out-of-state federal action. The complaint contains no factual allegations that would allow this court to conclude that the individual Defendants had the necessary minimum contacts with Texas to satisfy the Due Process Clause, or that personal jurisdiction is reasonable in light of the circumstances alleged. Plaintiff merely states that the effects of the Defendants' actions were felt by Plaintiff in Texas and that the Southern District of Texas is therefore the proper venue for this litigation. Plaintiff's allegations do not satisfy the Due Process requirement necessary for the assertion of personal jurisdiction in this district. See Stroman Realty, Inc., 513 F.3d at 485. This court, therefore, does not have personal jurisdiction over the Defendants sued in their individual capacities.

## C. Judicial Immunity

The court next considers whether, as an alternate ground for dismissal, Judge Trenga and Judge Nachmanoff are entitled to absolute immunity from suit. Judicial immunity is an absolute

immunity from suit that is intended to prevent the types of claims presented in this case. Mireles v. Waco, 502 U.S. 9, 10 (1991). Judges are protected with absolute immunity for their judicial acts except when they act in the clear and total absence of jurisdiction. Id. at 11. Thus, a judge has no immunity (1) for actions taken outside of his judicial capacity, or (2) for actions that are judicial in nature, but occur in the complete absence of all jurisdiction. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993)(citing Mireles, 502 U.S. at 11-12). In determining whether a judge's actions were "judicial in nature," courts considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Id. These four factors are to be broadly construed in favor of immunity, even when not all four factors are present. Id.

Because the claims against Judge Trenga and Judge Nachmanoff arise out of actions taken in their official capacities as United States judges, their actions are clearly judicial in nature pursuant to the four-factor test outlined above. As the litigation which prompted this lawsuit was assigned to Judge Trenga and Judge Nachmanoff, their exercise of judicial authority was well within

16

their jurisdiction. Few doctrines have been so solidly established as judicial immunity for acts committed within judicial jurisdiction. Cleavinger v. Saxner, 474 U.S. 193, 199 (1985).

Plaintiff's allegations that the judges ruled against her and failed to consider a late-filed pleading even if true, were taken as judges ruling on pending motion in Plaintiff's case. Plaintiff's claims against the judges are exactly the type of allegations that fall within the doctrine of judicial immunity. Mireles v. Waco, 502 U.S. at 11. In addition to appealing the outcome, here Plaintiff seeks damages for the procedural and substantive legal errors in their rulings. Allegations that a judge "committed grave procedural errors is not sufficient to avoid absolute judicial immunity." Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991). Even allegations of a conspiracy that manifests itself through judicial actions, as Plaintiff is claiming here, falls within the doctrine of judicial immunity. Holloway v. Walker, 765 F.2d 517, 523 (5th Cir. 1985). Judge Trenga and Judge Nachmanoff are entitled to absolute judicial immunity, and all claims against them should therefore be dismissed, both in their individual and in their official capacity as United States Judges.

**D.** **Prosecutorial Immunity**

Similar to judicial immunity, prosecutors are entitled to absolute immunity from suit for actions taken as officers of the court. Van de Kamp v. Goldstein, 555 U.S. 335, 341-43 (2009).

17

This absolute immunity afforded to government prosecutors includes allegations related to the judicial process. Brooks v. George County, 84 F.3d 157, 168 (5th Cir. 1996). For purposes of evaluating a claim, assuming all facts pleaded to be true, this immunity still covers actions assumed to be unlawful. Prosecutorial immunity applies to attorneys who represent the government in civil matters, as is the case with Defendants Boente and Free. McQueen v. United States, 264 F. Supp. 2d 502, 513 (S.D. Tex. 2003) (holding that Justice Department attorneys assigned to defend government employees in a *Bivens* action are immune from suit). Free, as the attorney representing the USPTO in Plaintiff's lawsuit, has absolute prosecutorial immunity for actions taken in that lawsuit.

As the Court understands Plaintiff's argument, she appears to bring claims against Boente merely because he was the supervisor of Free. Because Boente's only potential involvement in this litigation was his oversight of his office during the time this litigation was ongoing, he is entitled to the same immunity as Free.

The court has already determined that the court lacks personal jurisdiction over the individual Defendants and alternately found that Judges Trenga and Nachmanoff were entitled to judicial immunity and Free and Boente were entitled to prosecutorial immunity. The court sees no reason to consider any additional

18

grounds for dismissal.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 16th day of November, 2017.

_____
U.S. MAGISTRATE JUDGE